## In re LEWIS.

(Supreme Court, Special Term, New York County. January 28, 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞404—COMPOSITION WITH CREDITORS—DISCHARGE OF ASSIGNEE.

Laws 1914, c. 360, § 15, subd. 13, provides, relative to assignments for the benefit of creditors, that the court may discharge the assignee and his surety, upon performance of the decree, from all further liability to creditors appearing and to creditors not having appeared after due citation or not having presented their claims after due advertisement. Subdivision 14 provides that the court, on proof of a composition, shall have power to discharge the assignee and his sureties from all further liability to the compounding creditors appearing or duly cited, and to authorize the assignee to release the assets to the assignor. Special Term rule 6, subd. 23, provides that no discharge shall be granted an assignee who has not advertised for claims. *Held* that, on proof of a composition between an assignor and persons claimed to be all of his creditors, the court has no power to discharge the assignee and his surety and authorize a reconveyance of the assigned estate, where no notice to creditors to present claims has been published.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1182; Dec. Dig. ☞404.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞404—COMPOSITION WITH CREDITORS—DISCHARGE OF ASSIGNEE.

Where a composition agreement between an assignor for the benefit of creditors and his creditors provided for the payment of 25 per cent. of the creditors' claims in cash and the execution of notes for 40 per cent. thereof, and that upon receipt by the creditors of such cash and notes an order might be entered discharging the assignee and the surety, such order could not be entered without the production of receipts or vouchers, signed by the creditors themselves, showing that the stipulated payment and the delivery of the notes had been made; the assignor's affidavit being insufficient evidence of this fact.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 1182; Dec. Dig. ☞404.]

In the matter of a general assignment for the benefit of creditors by Abraham Lewis to Morton S. Coan. On application for an order discharging the assignee and his surety, and authorizing a reconveyance of the assigned estate. Application denied.

Berger, Diamond & Abrahams, of New York City, for assignor.

PAGE, J. This is an application for an order discharging an assignee and his surety, and authorizing him to reconvey the property of the assigned estate to the assignor. The application is made upon the affidavits of the assignor and assignee, the consent of the surety on the bond of the assignee, and a composition agreement signed by nine persons, who are alleged to be all of the creditors of the assignor. The composition agreement recites that the signatories thereof agree with the assignor and with one another to accept, in full payment of their respective claims, a sum equal to 65 per cent. thereof, payable as follows: Twenty-five per cent. in cash on the execution of the agreement and the balance of 40 per cent. in 10 notes, satisfactorily indorsed, payable monthly, from the date of said agree-

ment. And it further recites that, upon the receipt by the said respective creditors of the said cash and notes, they consent to the entry of an order discharging the assignee and the surety upon his bond. The affidavit of the assignor states that, pursuant to the said composition agreement, he has already paid the cash and delivered the promissory notes provided for thereby.

[1] An examination of the records of this court which disclose the progress of the administration of the assigned estate shows that the assignee has done nothing further than file schedules and inventory of the assigned estate and his bond as assignee. The notice to creditors to present claims, prescribed by the statute and the rules of this court, has not been published. The difficulty in granting the application arises from the fact that the statute, namely, subdivision 13 of section 15, chapter 360, of the Laws of 1914 provides that the court shall have power "to discharge the assignee and his surety at any time, upon performance of the decree, from all further liability upon matters included in the accounting, to creditors appearing and to creditors not having appeared after due citation, or not having presented their claims after due advertisement," and that the rules of this court, namely, subdivision 23 of Special Term rule 6 provides that "no discharge shall be granted an assignee who has not advertised for claims," and, further, that "no discharge can be granted an assignee and his sureties in any case, whether the creditors have been paid or have released or have entered into composition or not, except in a regular proceeding for an accounting under section 20 of the act, commenced by petition for citation and citation thereon to all persons interested in the estate."

The reason for insisting upon the publication and mailing of notice to creditors to present claims, as a prerequisite to discharge of the assignee, is that that is the method prescribed by the statute for ascertaining the creditors who are the cestuis que trustent of and under the trust created by the deed of assignment, who are beneficially interested in the assigned estate, and whose respective rights must be scrutinized and safeguarded on any disposition of the funds other than such as is prescribed by the deed of assignment, and on the discharge of the assignee and the cancellation of his bond given for their benefit. The assignee cannot reasonably be expected to know the identity and location of all of the creditors of his assignor, and absolute reliance as to those matters cannot be placed upon the books of the latter, for experience has frequently disclosed that many business failures are due solely to inaccurate or inadequate bookkeeping, and in the administration of the assigned estates it happens that, quite frequently, creditors whose names did not appear upon the books of the assignor, or who were overlooked or forgotten, appear and assert and enforce the collection of valid claims.

It is. true that subdivision 14 of section. 15 of chapter 360 of the Laws of 1914 provides that the court shall have power "on proof of a composition between the assignor and his creditors, to discharge the assignee and his sureties from all further liability to the compounding creditors appearing or duly cited, and to authorize the assignee

to release the assets to the assignor"; but it will be noted that the liability which is thereby extinguished is limited to that due the "compounding creditors appearing or duly cited," which, of course, implies that the notice to creditors, required by the statute and rules to obtain jurisdiction over creditors, has been duly given. If the ·parties, the assignor, assignee, and surety, are themselves satisfied that all of the creditors and the amounts of their respective claims have been fully and accurately ascertained, and if they desire to prevent the continuance of the usual indemnity agreement between assignee and surety, and the periodical recurrence of liability for premium on the bond of the assignee, they may respectively make, and consent to, as a matter of record, the desired reconveyance of their own responsibility; but the desirability of resolving the contractual relations between the assignor, assignee, and surety constitutes no reason for a departure by the court from the express provisions of the statute and rules, designed for the ascertainment of all of the cestuis que trustent.

[2] A further objection to granting the relief desired in this specific instance is that the composition agreement provides that the desired discharge of assignee and surety shall not be granted until the receipt by the respective creditors of the cash and notes provided for by the composition agreement, and that there is no proof of such payment and delivery beyond the affidavit of the assignor, who is, of course, solicitous for the return of his property. However true such allegations may be, as, no doubt, they are in this case, they have never been regarded as sufficient by this court, which insists upon the production of receipts or vouchers signed by the creditors themselves as the best evidence of the accord and satisfaction which is expressly required by the composition agreement.

For these reasons, the application must be denied without prejudice, and with leave to renew after compliance with the requirements of the statute and of subdivision 23 of Special Term rule 6 of this court.